SUPERIOR COURT. At Chambers, New York, October, 1861. Before *Murray Hoffman*, Justice.

## THE PEOPLE *ex rel.* MARY ALLEN *v.* DANIEL H. BURTNETT.

To authorize an application for a writ of *habeas corpus* to an officer residing in a county adjoining that in which the prisoner is detained, under 2 *R. S.*, 563, it must be shown that there is no officer of competent jurisdiction within the county of the detention, or if any reside there, that he is absent or is incapable of acting, or has refused to grant the writ. It is not sufficient for the applicant to state generally in his affidavit that he could find no such officer.

Where the application was made to an officer in an adjoining county, on the sixteenth of the month, on the ground that the county judge of the county in which the prisoner was detained, was absent from the county, and the affidavit showing the fact of his absence was made on the thirteenth of the same month, it was held to be insufficient, and that an affidavit of a later date should be produced, showing that the county judge had not returned in the *interim.*

Where there has been a previous decision on *habeas corpus* before another officer, on the same facts, the motion will be deemed *res judicata;* if such previous decision was wrong, the only mode of correcting it is by *certiorari.*

Whether the enlistment of a minor, over eighteen years of age, as a private in the army of the United States, without the consent of his parents, is not valid under the legislative provisions of this State — *Quere.*

THE relator obtained a writ of *habeas corpus*, and asked for the discharge of William Allen, who enlisted in August, 1861, in the regiment of which respondent is lieutenant-colonel, and was subsequently mustered into the United States service. It was alleged in the petition that Allen was between the age of eighteen and twenty-one years.

The following return was put in by the respondent:

Daniel H. Burtnett, respondent above named, for an amended return to the writ of *habeas corpus* herein issued by the said Justice HOFFMAN, on the 16th day of September, 1861, respectfully shows: That the said William Allen, on or about the 15th day of August, 1861, duly enlisted as a private soldier in the Governor Morgan United States light artillery regiment, of which this respondent is acting lieutenant-colonel, and was, in due form of law, mustered into the military service of the

United States as such private soldier; that from the date of his enlistment as aforesaid until the present time, he has continued as such private soldier in such regiment, and has not been otherwise restrained of his liberty. That on or about the 14th day of September, 1861, a writ of *habeas corpus*, in due form of law, in the city of New York, was issued on behalf of the said William Allen, returnable on the 16th day of September, 1861, at 11 o'clock A. M., before Hon. GEORGE G. BARNARD, one of the justices of the Supreme Court, at the chambers thereof, in the park in the city of New York. As this respondent is informed and believes, in the petition on which such writ was issued, the same facts and the same imprisonment or restraint of liberty, in substance and effect, were stated as are stated in the petition for the writ herein allowed by said Justice HOFFMAN. On the said 16th day of September, in obedience to such writ, and at the time and place therein stated, the body of said William Allen was produced before the said Justice BARNARD, and a return to the said writ issued by him, was, in due form of law, made by the officer commanding said regiment, and having the said William Allen in his custody. Immediately thereafter, said Justice BARNARD proceeded to examine into the facts contained in such return, and into the cause of confinement and restraint of the said William Allen; that upon such examination, it appeared that said William Allen was a minor, under the age of twenty-one years, and that he enlisted and was held as a private soldier, as hereinbefore set forth, without the authority or consent of his parent or guardian. The said Justice BARNARD did thereupon decide and adjudge that the said William Allen was not entitled to be discharged, and accordingly, in due form of law, dismissed such writ, and remanded the said William Allen to the custody of the officer of such regiment having him in his charge and custody.

D. HENRY BURTNETT, *Lieut.-Col.*

New York, October 2, 1861.

The return was duly verified.

No answer to the return was put in by the petitioner.

*J. O'Rourke* for the petitioner, moved for the discharge of the minor, relying upon *Dabb's Case* (12 *Abbott's Pr. R.,* 113).

*Henry L. Clinton,* for the government, objected:

I. That the preliminary proof necessary to give Judge HOFFMAN jurisdiction of the subject matter, had not been adduced before him prior to granting the writ, citing 3 *R. S.,* 5*th ed.,* 884, § 38, which provides that " Whenever application for any such writ, shall be made to any officer not residing within the county where the prisoner shall be detained, he·· shall require proof by the oath of the party applying, or by other sufficient evidence, that there is no officer in such county authorized to grant the writ, or, if there be one, that he is absent or has refused to grant such writ, or for some cause to be specially set forth is incapable of acting; and, if· such proof be not produced, the application shall be denied." ·

Counsel contended that the affidavit intended to supply this proof was insufficient. 1st, because it was made, not in this but in another proceeding, to wit: on the application for a *habeas corpus* before Justice BARNARD ; 2d, that aside from this technical objection, the affidavit was insufficient, for the reason that it merely stated that at the time it was made (which was several days before the application for a *habeas corpus* in this proceeding) the county judge authorized to issue a *habeas corpus* in the county, where it was alleged the minor was restrained of his liberty, was absent, or could not be found. *Non constat,* he had returned, and could be found before the application for the writ in the present proceeding was made.

II. Counsel contended that, inasmuch as the matter had been once decided by Justice BARNARD, upon the same facts, and between the same parties, the decision of Justice BARNARD was *res adjudicata,* and could only be reviewed upon *certiorari,* citing *Mercein* v. *People,* 25 *Wend. R.,* 64; *People* v. *Cassels,* 5 *Hill R.,* 164; *Matter of De Costa,* 1 *Park. Cr. R.,* 129.

HOFFMAN, J. The relator has established that William Allen, her son, was a minor, over the ·age of eighteen and

under twenty-one years, and enlisted without the consent of either of his parents. It appears from the return to the writ that on the 15th of August, 1861, he enlisted as a private soldier, in the Governor Morgan United States light artillery, and was in due form of law, mustered into the service of the United States, as such private soldier. It further appears that on the 13th of September, 1861, an application for *habeas corpus*, was made to Mr. Justice BARNARD, of the Supreme Court of this district, upon an affidavit sworn to on that day, that the deponent had made inquiries in Richmond county, for a magistrate of competent jurisdiction, to grant the writ of *habeas corpus*, and that he could find none, the county judge being absent from said county and gone to the western part of the State of New York.

The petition in that case stated that the party was deprived of his liberty, at camp Law, Richmond county. The petition in the present instance, states the same fact.

It further appears from the return, that Mr. Justice BARNARD, on the 16th of September, 1861, inquired into the facts; that the fact of minority was ascertained, and of enlistment without consent. He decided that the party was not entitled to his discharge, and remanded him. to the custody of the officer, who now produces him. Several objections are made to the discharge being granted. By the statute (3 *R. S.*, 5th *ed.*, 883, §§ 37, 38; 2 *R. S.*, 563), application for the writ may be made to the Supreme Court during its sitting, or during its term or vacation, to any one of its justices, or any officer who may be authorized to perform the duties of a justice of the Supreme Court, at chambers, being or residing within the county where the prisoner is detained; or if there be no such officer within such county, or if he be absent, or for any cause be incapable of acting, or have refused to grant such writ, then to some officer having such authority, residing in any adjoining county. There must, in such case, be sufficient evidence given that there is no officer in the county of the detention authorized to grant the writ, or that he is absent, or has refused

to grant it, or is incapable of acting for some cause specially set fourth.

The affidavit produced is liable to the objection that it does not explicitly state that there is no officer in the county, other than the county judge, authorized to grant the writ, only that the deponent could find none.

It is subject, also, to the difficulty that it was made on the 13th of September, and used on the 16th of that month; before Justice BARNARD. On the same day, the 16th, the present application was made. The county judge might have returned in the interim. An affidavit of a later date should have been produced.

I think these objections well taken. It is next insisted that the decision of Mr. Justice BARNARD is *res judicata* upon the same facts in the same case, and the only mode of correcting it, if wrong, is by *certiorari*.

The case of *Mercein* v. *The People*, in the Court of Errors, (25 *Wend. R.*, 64; *see p.* 106,) is a distinct authority to the very point, and has remained unchanged. (*See* 1 *Park. Cr. R.*, 129.)

This objection is fatal to the application. Another point has been raised as to whether the party is not so brought within the act of our own legislature as to make his enlistment valid, being over eighteen years of age, without the consent of his parents.

Upon this question the act of the militia (1 *R. S.*, 285), the 21st section of article one, title five (*Id.*, 296), and the act of April 15, 1861 (*Sess. Laws, ch.* 277), may be referred to, as also the 12th section of the act, chapter 304, of 1835. I need not pass upon this point.

The application must be denied, and the prisoner remanded to the custody of the officer making the return.